## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| FirstMerit Bank, N.A., successor in interest to the FDIC, Receiver for George Washington Savings Bank, | ) ) ) ) |
| Plaintiff, | ) ) ) No. |
| v. | ) ) |
| CFE Group, LLC, d/b/a Genevieve Lethu, CFE Management, LLC, Michael R. Salem, and Daniel P. Duffy, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, FirstMerit Bank, N.A., successor in interest to the FDIC, Receiver for George Washington Savings Bank, by its attorneys, Stahl Cowen Crowley Addis LLC, for its Complaint against Defendants, CFE Group, LLC, CFE Management, LLC, Michael R. Salem, and Daniel P. Duffy, states as follows:

### NATURE OF PROCEEDINGS

1. Plaintiff brings this action to enforce a certain Promissory Note and to enforce certain Commercial Guaranties made by Defendants.

2. Plaintiff further seeks reasonable attorney's fees and costs under the Promissory Note and Commercial Guaranties.

### PARTIES

3. Plaintiff is a nationally chartered bank with its main office and principal place of business at 106 South Main Street, Akron, Ohio 44308, and is the successor in interest to the FDIC,

Receiver for George Washington Savings Bank's rights and obligations under the Promissory Note and Commercial Guaranties.

4. CFE Group, LLC, d/b/a Genevieve Lethu ("CFE") is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois. CFE is registered with the Illinois Secretary of State to do business in the State of Illinois.

5. CFE is managed by CFE Management, LLC ("Management"). Management is a citizen of the State of Illinois because it is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Management is registered with the Illinois Secretary of State to do business in the State of Illinois.

6. The member of CFE is Management. The members of Management are Daniel P. Duffy ("Duffy") and Andrew Samaan ("Samaan").

7. Duffy is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

8. Upon information and belief, Samaan is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

9. Michael R. Salem ("Salem") is a citizen of the State of Illinois because he maintains his principal place of residence in Chicago, Illinois.

## JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. § 1332(a)(1), the Court has diversity jurisdiction over this case because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## BACKGROUND FACTS

### The Loan to CFE and Management

12. On or about September 29, 2008, George Washington Savings Bank ("GW") extended a loan to CFE, as borrower, and Management, as Cosigner, in the original principal amount of $300,000.00, evidenced by a certain Promissory Note dated September 29, 2008 (the "Note"), whereby CFE and Management promised to pay GW the principal amount of $300,000.00, together with interest payable at the rates and in the manner provided in the Note. A true and correct copy of the Note is attached hereto as Exhibit 1.

13. To secure the Note and performance of all the covenants, conditions, and agreements in the Note, Salem executed and delivered a certain Commercial Guaranty dated September 29, 2008 (the "Salem Guaranty") to GW. A true and correct copy of the Salem Guaranty is attached hereto as Exhibit 2.

14. To secure the Note and performance of all the covenants, conditions, and agreements in the Note, Duffy executed and delivered a certain Commercial Guaranty dated September 29, 2008 (the "Duffy Guaranty") to GW. A true and correct copy of the Duffy Guaranty is attached hereto as Exhibit 3.

15. The Note, Salem Guaranty, Duffy Guaranty, and all other documents related to or evidencing the loan transaction at issue are collectively referred to as the "Loan Documents".

16. On February 19, 2010, GW, the original holder and owner of the Loan Documents, was closed by the Illinois Department of Financial Professional Regulation – Division of Banking, which appointed Federal Deposit Insurance Corporation ("FDIC") as the Bank's Receiver.

FDIC as Receiver and FDIC, in its corporate capacity, on that same date, entered into a Purchase and Assumption Agreement with Plaintiff, FirstMerit Bank, N.A., pursuant to which Plaintiff purchased and FDIC, as Receiver for GW, "sells, assigns, transfers, conveys, and delivers to the Assuming Institution [Plaintiff], all right, title, and interest of the Receiver in and to all of the assets (real, personal and mixed, wherever located and however acquired) ... of the Failed Bank [GW]." As a result, Plaintiff is the current owner and holder of the Loan Documents. No part of the obligations evidenced by the Loan Documents have been released or satisfied.

### CFE and Management's Defaults

17. The Note is past due and delinquent since September 1, 2010. Pursuant to the terms contained therein, the entire principal balance plus accrued interest was accelerated and became immediately due and owing.

18. By letter dated November 16, 2012 (the "Demand Letter"), Plaintiff made demand upon CFE, Management, Salem, and Duffy of the full and immediate payment of all outstanding amounts owed under the Note, Salem Guaranty, and Duffy Guaranty. A true and correct copy of the Demand Letter is attached hereto as Exhibit 4.

### Amounts Owed

19. The amount due and owing as of November 16, 2012, pursuant to the Loan Documents was not less than $319,266.97, computed as follows:

| | | |
|---|---|---|
| 1. | Unpaid principal balance: | $252,844.26 |
| 2. | Interest (default rate): | $ 62,130.13 |
| 3. | Late charges: | $   4,292.58 |
| 4. | Total: | $319,266.97 |

4

Plus such additional costs, fees, expenses, late charges and advances as may have been or will be paid or incurred, plus attorney's fees accrued and accruing, plus interest on all the foregoing at the Default Rate. Default interest is accruing at the rate of $94.82 per diem. All such amounts are past due.

## COUNT I

### (BREACH OF NOTE – CFE AND MANAGEMENT)

21. Plaintiff restates and incorporates Paragraphs 1 through 20 of the Complaint as if fully stated herein.

22. Plaintiff has duly performed all conditions of the Note on its part to be performed.

23. Plaintiff has made due demand for payment upon CFE and Management and, to date, CFE and Management have refused and declined to make payment thereof.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., successor in interest to the FDIC, Receiver for George Washington Savings Bank, demands judgment against Defendants, CFE Group, LLC and CFE Management, LLC, jointly and severally, in the amount no less than $319,266.97, as of November 16, 2012, plus interest, costs and attorneys' fees and such other relief to which Plaintiff may be entitled.

## COUNT II

### (COMMERCIAL GUARANTY – SALEM)

24. Plaintiff restates and incorporates Paragraphs 1 through 20 of the Complaint as if fully stated herein.

25. The Salem Guaranty was absolute, unconditional, and continuing, including all costs and expenses of Plaintiff in enforcing the Salem Guaranty.

26. Salem materially breached the Salem Guaranty by failing to pay Plaintiff for the loss, expense, liability, cost, claim or damages that have arisen out of CFE and Management's failure to pay all principal, interest, default interest, late charges, fees, expenses (including, without limitation, attorney's fees and expenses), premiums and all other sums due under the Note and Loan Documents, and Plaintiff's attorney's fees and costs incurred in enforcing the Note and Loan Documents.

27. The Salem Guaranty is a legally valid, binding and enforceable agreement.

28. Plaintiff has duly performed all conditions of the Salem Guaranty on its part to be performed.

29. Salem has no legally recognized justification or excuse for breaching the Salem Guaranty.

30. As a direct and proximate cause of Salem's breach of the Salem Guaranty, Plaintiff has suffered damages in an amount no less than $319,266.97, as of November 16, 2012, exclusive of further fees, costs, and other amounts, as provided in the Salem Guaranty.

31. Salem is also liable for Plaintiff's attorney's fees, costs and other expenses incurred in connection with enforcement of the Salem Guaranty.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., successor in interest to the FDIC, Receiver for George Washington Savings Bank, demands judgment against Defendant, Michael R. Salem, in the amount no less than $319,266.97, as of November 16, 2012, plus interest, costs and attorneys' fees and such other relief to which Plaintiff may be entitled.

## COUNT III

## (COMMERCIAL GUARANTY – DUFFY)

32. Plaintiff restates and incorporates Paragraphs 1 through 20 of the Complaint as if fully stated herein.

33. The Duffy Guaranty was absolute, unconditional, and continuing, including all costs and expenses of Plaintiff in enforcing the Duffy Guaranty.

33. Duffy materially breached the Duffy Guaranty by failing to pay Plaintiff for the loss, expense, liability, cost, claim or damages that have arisen out of CFE and Management's failure to pay all principal, interest, default interest, late charges, fees, expenses (including, without limitation, attorney's fees and expenses), premiums and all other sums due under the Note and Loan Documents, and Plaintiff's attorney's fees and costs incurred in enforcing the Note and Loan Documents.

34. The Duffy Guaranty is a legally valid, binding and enforceable agreement.

35. Plaintiff has duly performed all conditions of the Duffy Guaranty on its part to be performed.

35. Duffy has no legally recognized justification or excuse for breaching the Duffy Guaranty.

36. As a direct and proximate cause of Duffy's breach of the Duffy Guaranty, Plaintiff has suffered damages in an amount no less than $319,266.97, as of November 16, 2012, exclusive of further fees, costs, and other amounts, as provided in the Duffy Guaranty.

37. Duffy is also liable for Plaintiff's attorney's fees, costs and other expenses incurred in connection with enforcement of the Duffy Guaranty.

WHEREFORE, Plaintiff, FirstMerit Bank, N.A., successor in interest to the FDIC, Receiver for George Washington Savings Bank, demands judgment against Defendant, Daniel P.

7

Duffy, in the amount no less than $319,266.97, as of November 16, 2012, plus interest, costs and attorneys' fees and such other relief to which Plaintiff may be entitled.

Dated: November 29, 2012

Respectfully submitted,

FIRSTMERIT BANK, N.A.

/s/ Andrew H. Eres
One of Its Attorneys

Andrew H. Eres (6237032)
Ronald A. Damashek (6183820)
Stahl Cowen Crowley Addis LLC
55 W. Monroe, Suite 1200
Chicago, IL 60603
312-641-0060